In the Matter of a Member of the Bar of the Supreme Court of Delaware Samuel L. GUY, Petitioner.

No. 639, 2001.

Supreme Court of Delaware.

Submitted: Dec. 18, 2001.

Decided: Jan. 10, 2002.

Samuel L. Guy, Wilmington, Delaware, petitioner pro se.

Mary M. Johnston, Office of Disciplinary Counsel, Wilmington, Delaware.

BEFORE: HOLLAND, BERGER and STEELE, Justices.

PER CURIAM.

On June 28, 2000, the Petitioner, Samuel L. Guy, was suspended from the practice of law for a period of seven (7) months with conditions for reinstatement.[1] The period of suspension began on July 1, 2000 and was to end upon his reinstatement, for which application could be made after January 31, 2001. The Court has before it a decision from the Board on Professional Responsibility, which recommends that the Petitioner be reinstated, subject to certain conditions.

In this Court, both the Petitioner and the ODC filed objections to the Board's decision. The ODC contends that the Board erred in finding that the Petitioner carried certain aspects of his burden of proof and also erred by refusing to admit

---

1. *In re Guy,* 756 A.2d 875 (Del.2000).

certain evidence. The Petitioner contends that any conditions of reinstatement should have a relationship to the conditions associated with the original sanction of suspension and that any unrelated conditions constitute additional punishment.

### Procedural Background

The Petitioner filed a Notice of Intent to Petition for Reinstatement on March 13, 2001. Following a hearing, a panel of the Board on Professional Responsibility ("Board") issued a decision to which both the Office of Disciplinary Counsel ("ODC") and the Petitioner objected. By order dated November 27, 2001, this Court held that "[s]ince the Board had no valid Petition for Reinstatement before it, the panel of the Board had no jurisdiction to act and its Decision is hereby vacated."[2]

This Court directed the ODC and the Board to consider the merits of any proper Petition for Reinstatement on an expedited basis. A new panel of the Board was ordered to convene and issue its decision within two weeks of receiving a proper Petition for Reinstatement. The new panel of the Board assigned to hear the Petition was directed to determine whether a Petition had been properly filed.

The new panel of the Board held a hearing on December 3, 2001 and a teleconference on December 11, 2001, in response to the November 27, 2001 Order by this Court. In a decision filed on December 18, 2001, the new panel of the Board recommended that the Petitioner be reinstated subject to specific terms and conditions.

### Board Rule 22

Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure governs reinstatement proceedings. Rule 22(a) requires that a reinstatement following suspension from practice, except those for six months or less, requires proof of rehabilitation before the Board and a final Order of Reinstatement by the Court. Rule 22(g) provides for a hearing before the Board and sets forth the issues upon which the Petition has the burden of proof by clear and convincing evidence. These include the following: the Petitioner's professional rehabilitation, including substantial rehabilitation from any drug or alcohol problem from which the Petitioner had suffered; the Petitioner's compliance with all applicable disciplinary orders, including conditions of restitution; the Petitioner's fitness to practice; the Petitioner's overall competence and current awareness of recent developments in the law; and that the Petitioner has not engaged in any other professional misconduct in any jurisdiction since suspension or disbarment.

### Board Recommends Reinstatement

The new panel of the Board found that a proper Petition had been filed and the Board had jurisdiction to consider it. The Board found that the Petitioner had met his burden of demonstrating that he had been rehabilitated. The Board further found that the Petitioner sustained his burden of demonstrating by clear and convincing evidence that he had complied with disciplinary orders and other rules. The Board also found that, based upon the Petitioner's testimony which was not contradicted by any other evidence, that he was fit to practice law. The Board determined that the Petitioner is competent and has kept aware of developments in the law, and the Petitioner did not engage in any other misconduct during the period of suspension.

The Board found that the Petitioner sincerely recognized the wrongfulness and

---

2. *In re Guy*, No. 500, 2001, Order at 10 (Del.        Nov. 27, 2001).

seriousness of his prior misconduct. The Board found that the Petitioner repeatedly expressed his acknowledgment of wrong doing, admitted what he did was wrong, recognized that he must change his conduct, and indicated a willingness to cooperate with the ODC with regard to any conditions that the ODC suggested. The Board also found that the Petitioner consulted with non-Delaware attorneys who practice in the criminal and civil rights area as to certain internal procedures in his office, which he would institute in order to avoid a repeat of the problems he had in communicating with his clients.

The Board determined that the Petitioner demonstrated by clear and convincing evidence that he has honesty and professional integrity. The Board found that reinstatement of the Petitioner, with strict compliance to the conditions it recommended, would have no detrimental effect on the administration of justice.

The parties disagreed regarding the Board's authority to make recommendations for reinstatement. Rule 22 is silent on that issue. The Board held it had such authority and the authority derived from this Court's plenary authority.

■ We agree that the Board has authority to recommend conditions for reinstatement. Only this Court, however, has the authority to impose conditions for reinstatement, following a suspension or a disbarment. In this case, the Board's recommendations are thoughtful and constructive. We have given them careful consideration.

### Petitioner Reinstated

■ We have concluded that the Board's recommendation to reinstate the Petitioner is supported by the evidence and the product of an orderly deductive process. We also find that the Board properly exercised its discretion in not admitting the evidence offered by the ODC.

■ Initially we deemed it appropriate that the Petitioner be suspended for seven months. We note that he has, in fact, remained suspended for almost eighteen months. Almost all of the delay during the reinstatement process can be attributed to the Petitioner's own conduct. Nevertheless, that delay has been detrimental to the Petitioner and causes us to decline to impose any of the conditions recommended by the Board after the Petitioner's reinstatement.

The Petitioner has expressed concern about what he perceives to be an interruption of his tenure as a member of the Bar of this Court. In fact, there has been no interruption. Although the Petitioner was suspended, unlike a disbarment, he has continuously remained a member of the Bar.

Now, therefore, it is hereby Ordered that Samuel L. Guy is reinstated and returned, effective immediately, to his active status as a member of the Bar of this Court. Within seven (7) business days of this reinstatement, Samuel L. Guy shall file with this Court a designation of address for the receipt of first-class mail from clients, the courts and the ODC. In the absence of proof to the contrary tendered by him, Samuel L. Guy shall be deemed to have received all mail sent to that address, postage prepaid. In particular, Samuel L. Guy shall promptly respond to all future inquiries from the ODC. In the event he fails to do so, the ODC may proceed to institute disciplinary proceedings based on a violation of the condition of reinstatement. Samuel L. Guy is directed to pay to the ODC all of the costs associated with his reinstatement and any unpaid prior costs within one year of the date of this Order. The ODC is directed to file a statement of the aforementioned costs with

this Court within seven (7) business days of the date of this Order.